SUPERIOR STEEL, INC.
v.
WOODROW WILSON CONSTRUCTION COMPANY, INC., & ATLANTIC MUTUAL INSURANCE COMPANY
No. 2008 CA 0786.
Court of Appeals of Louisiana, First Circuit.
November 3, 2008.
CRAIG L. KASTER, ZACHARY, Louisiana, Attorney for Plaintiff/Appellee. Superior Steel, Inc.
GEORGE K. ANDING, Jr., BATON ROUGE, Louisiana, Attorney for Defendants/Appellants Woodrow Wilson Construction Company, Inc. and Atlantic Mutual Insurance Company.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.

NOT DESIGNATED FOR PUBLICATION
McDONALD, J.
Superior Steel, Inc. (Superior Steel) was a subcontractor to Woodrow Wilson Construction Company, Inc., (Woodrow Wilson Construction) on the Second Parish Courthouse project in Jefferson Parish. Atlantic Mutual Insurance Company provided the payment and performance bond to Woodrow Wilson Construction as the general contractor.
The subcontract agreement was signed by David H. Broussard, Vice President of Woodrow Wilson Construction, on April 22, 2003, and forwarded to Superior Steel. On June 13, 2003, Joseph Easley, President of Superior Steel, crossed out paragraph eleven of the contract, which provided for liquidated damages, and placed his initials and the date next to that paragraph. Paragraph eleven of the contract provided that:
The Prime Contract Documents provide for liquidated damages for delay beyond the completion date set forth herein. If liquidated damages are assessed against the CONTRACTOR by the Owner, then CONTRACTOR shall assess same against SUBCONTRACTOR to the extent SUBCONTRACTOR is responsible for such delay as may be reasonable determined by CONTRACTOR. The amount of such assessment of liquidated damages shall not exceed the amount assessed against the CONTRACTOR.
Mr. Easley then signed and dated the amended contract and mailed it back to Woodrow Wilson Construction. Work commenced under the contract in September 2003.
During the course of the project there were four change orders that increased the original subcontract price from $722,169.00 to $750,897.00. Woodrow Wilson Construction advised Superior Steel that the project was tax exempt, thus a credit of $23,810.91 was given against the contract price, reducing the contract price to $727,086.09.
Woodrow Wilson Construction paid Superior Steel $681,779.23, leaving an unpaid balance of $45,306.86. Superior Steel filed suit against Woodrow Wilson Construction and Atlantic Mutual Insurance Company for the unpaid balance of $45,306.86, together with penalties, interest, attorney fees, and court costs.
After a trial on the merits, the trial court ruled in favor of Superior Steel and against Woodrow Wilson Construction and Atlantic Mutual Insurance Company, awarding $45,306.86 together with legal interest from date of judicial demand until paid, 15% penalties in the amount of $6,796.00, and attorney fees for which Atlantic Mutual Insurance Company was obligated in the amount of $4,530.00 and Woodrow Wilson Construction was obligated in the remaining amount of $1,470.50. Woodrow Wilson Construction and Atlantic Mutual Insurance Company are appealing that judgment, and make two assignments of error.
First, they assert that the trial court erred in finding that Woodrow Wilson Construction was liable to Superior Steel for any amount under their subcontract agreement, considering the "pay if paid" clause within the "Final Payment" terms of the written subcontract agreement between Woodrow Wilson Construction and Superior Steel.
Second, they assert that assuming that any amount was appropriately found due to Superior Steel, the trial court erred in failing to reduce such award by the pro-rated amount of liquidated damages attributable to Superior Steel's negligence in the performance of and breach of its subcontract agreement with Woodrow Wilson.
It is well settled that an appellate court may not set aside a trier of fact's findings in the absence of manifest error. Further, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 558 So.2d 1360, 1363 (La. App. 4 Cir. 1990).
A contract may be modified by mutual consent only. Modification can be presumed by silence, inaction, or implication. River Oaks, Inc. v. Blue Cross of Louisiana/Louisiana Health Service & Indem. Co., 595 So.2d 785, 787 (La. App. 5 Cir.), writ denied, 598 So.2d 361 (La. 1992). Further, the party asserting modification of an obligation must prove by a preponderance of the evidence facts or acts giving rise to the modification. La. C.C. art. 1831; Cajun Constructors, Inc. v. Fleming Const. Co., Inc., 05-2003 (La. App. 1 Cir. 11/15/06), 951 So.2d 208, 214, writ denied, 07-0420 (La. 4/5/07), 954 So.2d 146.
That portion of the contract relating to liquidated damages was not agreed to by Superior Steel because Mr. Easley crossed out that portion of the contract and signed and dated the contract before returning it to Woodrow Wilson Construction. There was some dispute in the testimony as to what happened after Woodrow Wilson Construction received the amended contract, but the trial court found that Woodrow Wilson Construction essentially acquiesced to the modification of the contract. We cannot say that the trial court committed manifest error in that evaluation of the testimony.
Regardless of this acquiescence to the amended contract, the contractor's applications for payment showed that Woodrow Wilson Construction was paid for the work that was done by Superior Steel. Kurt Wilson, vice president of Woodrow Wilson Construction, testified that Jefferson Parish had withheld $409,000.00 for punch-list items, however, Jefferson Parish had not withheld any money for punch list items relating to Superior Steel. Thus, even if the liquidated damages provision of the contract had not been abrogated, Woodrow Wilson Construction was not entitled to withhold any portion of payment from Superior Steel.
Thus, for the foregoing reasons, the trial court judgment is affirmed. Costs are assessed against Woodrow Wilson Construction and Atlantic Mutual Insurance Company.
AFFIRMED.